UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ___–**Civ**–

PATRICE BOONE,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

COMPLAINT

    Plaintiff, Patrice Boone, sues Defendant, Carnival Corporation, and alleges:

A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line. The Plaintiff fractured her finger when a heavy balcony door violently slammed on her hand in her stateroom due to a wind-tunnel effect triggered by a Carnival cabin employee.

B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because: (a) The Plaintiff is a citizen of Ohio. (b) The Defendant is a corporation incorporated under the laws of the Republic of Panama. The Defendant's principal place of business is in Florida. (c) The amount in controversy, without interest and costs, exceeds $75,000.

C. Rule 9(h)(1) Designation: Diversity of Jurisdiction

3. Because the accident out of which the Plaintiff's claim arises occurred on a ship sailing in navigable waters and because the ship was engaged in an activity (pleasure cruising)

bearing a substantial relationship to traditional maritime activity, the Plaintiff's claim for relief falls within the court's admiralty or maritime jurisdiction and is governed by the general maritime law. But the claim falls also within the court's subject-matter jurisdiction on diversity-of-citizenship grounds, so the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction.

### D.  Venue

4. The Plaintiff has filed this action here because the Plaintiff's cruise ticket contains a forum-selection clause that requires this type of action to be filed in the United States District Court in Miami, Florida.

### E.  General Factual Allegations

5. At all times material, Defendant owned and operated the cruise ship Carnival Pride.

6. On March 1, 2025, the Plaintiff was a fare-paying passenger aboard the Carnival Pride.

7. The Incident: While the vessel was in navigable waters, the Plaintiff was exiting her stateroom to go onto her balcony. Suddenly and without warning, a Carnival cabin employee opened the cabin entrance door. Because air behaves like a fluid flowing from high to low pressure, the fast-moving air in the hallway lowered the hallway pressure, causing the higher pressure in the cabin to forcefully push the heavy balcony door shut. This violent wind-tunnel effect caused the door to slam shut suddenly and without warning, and with extreme force.

8. As a result of this heavy door violently slamming on her hand, the Plaintiff sustained severe and permanent injuries to her finger, hand, and nail, including a fracture.

9. Duty: At all times material, Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

F.  Defendant's Notice of the Risk-Creating Condition

10. Pursuant to federal maritime law, the duty of care that cruise operators owe passengers requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition. Defendant had actual and constructive notice of the hazardous condition (the heavy doors violently slamming when another door is opened due to a wind-tunnel effect) through the following:

11. Notice: Carnival's Own Warnings: Carnival has explicitly acknowledged the existence of this dangerous condition. On some of its ships, Carnival posts a specific warning stating: "CAUTION For your safety, please close the balcony door before opening the stateroom door. Doing so will prevent your stateroom door from closing unexpectedly". This demonstrates that Carnival knows the wind-tunnel slamming door hazard is a persistent risk that is not open and obvious to passengers.

12. Notice: Policies, Procedures, and Trainings: Defendant's own policies and procedures acknowledge that doorways connecting exterior and interior spaces can catch wind causing them to forcefully slam shut, which can cause passengers to get injured. Carnival provides introductory orientation videos acknowledging this specific risk. Furthermore, Carnival creates these procedures because it knows that without warnings, passengers may not know or be able to perceive that its doorways are dangerous when slammed shut by wind.

13. Notice: Length of Time and Repetitive Problem: The dangerous condition has existed since those doors were installed on the ship. The ingress and egress doors connecting the interior and exterior areas of the vessel are constantly and repetitively exposed to the elements,

including wind and pressure differentials, which cause these heavy doors to slam shut. This defective condition existed for a sufficient period of time to invite corrective measures.

14. Notice: Violation of Industry Standards: Defendant was under a legal duty to comply with mandatory international vessel safety regulations promulgated by the International Maritime Organization (IMO) under the Safety of Life at Sea (SOLAS) treaty, including Part C, Regulation 13, subpart 1.1 ("safe escape routes shall be provided") and subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles"). Defendant knew or should have known of industry safety standards from ASTM International (e.g., ASTM F-1166-07), ANSI, the Life Safety Code, and 46 CFR §§72.05-20(n) and 116.438(h) applicable to maintaining safe doorways without pinch-point hazards.

15. The Plaintiff has performed all conditions precedent to bringing this action.

G. Four Counts of Negligence

### Count 1: Negligent Failure to Eliminate Hazard

16. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 15 as if fully set forth herein. (Note: Plaintiff explicitly does not incorporate subsequent counts into this count to avoid impermissible shotgun pleading).

17. Duty: One aspect of the Defendant's duty of care is the duty to alleviate or eliminate hazards that the Defendant knows about or should know about through the exercise of reasonable care, especially hazards like the wind-tunnel effect, which are completely unexpected and unknown to guests on the ship.

18. Breach: On or about March 1, 2025, the Defendant breached its duty of care to the Plaintiff by failing to prevent this hazard by installing a simple door-stopping mechanism, door-slowing mechanism, or hydraulic damper at the Plaintiff's cabin balcony door. Any engineer

4

could install a slow-close mechanism, hydraulic system, magnets, or latches to prevent the dangerous, violent slamming of the balcony door, yet Defendant failed to do so.

19. Causation and Damages: As a result of the Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.

## Count 2: Negligent Failure to Warn

20. The Plaintiff realleges and incorporates the allegations in paragraphs 1 through 15 above, as if fully set forth herein.

21. Duty: Defendant owed a duty of reasonable care to warn passengers about hazards that the Defendant knew about or should have known about, especially "invisible" hazards like the wind-tunnel effect which are completely unexpected.

22. Breach: On or about March 1, 2025, the Defendant breached its duty of care by failing to provide adequate, highly visible warnings in the Plaintiff's cabin regarding the wind-tunnel effect. If there was a warning posted in the Plaintiff's cabin, it was so inconspicuous and insufficient that it completely failed to warn the Plaintiff. Furthermore, Defendant breached its duty to warn the Plaintiff that a cruise cabin employee was entering the room while the Plaintiff was exiting to the balcony, creating the sudden pressure differential.

23. Causation and Damages: As a proximate result of the Defendant's failure to warn, the Plaintiff suffered the severe and permanent injuries and damages described herein.

## Count 3: Negligent Failure to Comply with Safety Rules

24. The Plaintiff realleges and incorporates the allegations in paragraphs 1 through 15 above, as if fully set forth herein.

25. Breach: The Defendant breached its duty of care and was negligent by failing to comply with mandatory international vessel safety regulations. Specifically, Defendant failed to comply with IMO regulations under the SOLAS treaty, including Part C, Regulation 13, subparts 1.1 and 1.2, which mandate that escape routes and doorways be maintained in a safe condition clear of obstacles and hazards. Defendant additionally violated internal operational procedures required by the ISM Code, safety standards set forth by ASTM International (including ASTM F-1166-07), the Life Safety Code, and 46 CFR §§72.05-20(n) and 116.438(h) regarding doorway safety.

26. Causation and Damages: The Defendant's failure to comply with these specific rules and standards caused or contributed to the Plaintiff's severe and permanent injuries and damages described herein.

## Count 4: Negligent Training of Personnel

27. The Plaintiff realleges and incorporates the allegations in paragraphs 1 through 15 above, as if fully set forth herein.

28. Duty: Defendant owes a duty of reasonable care under the circumstances to properly train its crew members regarding passenger safety, including how to safely access passenger cabins to avoid creating hazardous pressure differentials.

29. Breach: Defendant breached this duty by failing to properly and adequately train its cabin employees to verify that balcony doors are closed, or to properly warn passengers, before opening the main cabin doors. Because the cabin employee was inadequately trained, the

employee suddenly opened the entrance door while Plaintiff was in the balcony threshold, directly triggering the violent wind-tunnel effect.

30. Causation and Damages: As a proximate result of Defendant's negligent training of its personnel, the heavy door forcefully slammed shut, causing the Plaintiff to suffer the severe and permanent injuries and damages described herein.

## Prayer for Relief

Wherefore, Plaintiff demands judgment for all damages recoverable under the law against Defendant, including economic damages, non-economic damages, court costs, and all interest due under the applicable law, and demands a jury trial.

Dated: February 25, 2026

Respectfully submitted,

David W. Singer (Florida Bar No. 306215)
dsingeresq@aol,com
Michael A. Hoffman (Florida Bar No. 89549)
mahoffman@1800askfree.com
ndvorak@1800askfree.com
epadilla@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL 33020
T: (954) 920-1571
*Attorneys for the Plaintiff, Patrice Boone*